ALBERT H. HOPPER, complainant-respondent,

*v.*

THE NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY,
a New Jersey corporation, in liquidation, defendant-
appellant.

[Submitted October 27th, 1939. Decided January 25th, 1940.]

*Mr. Thomas F. Meaney,* for the appellant.

*Mr. John D. McMaster,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up a decree of the court of chancery impressing a trust upon funds in the hands of the defendant in favor of complainant and ordering that complainant be given a preference over other creditors of the defendant, a closed bank being liquidated by the Commissioner of Banking and Insurance.

In October, 1938, complainant, being indebted to the bank in the sum of $790, delivered as collateral security for the loan one hundred shares of stock of Yellow Truck and Cab Co. He delivered also a written order directing the bank to sell the stock when its price on the exchange reached $21 per share and to "pay the loan in full, with interest, and hold the balance until called for by myself." In November, 1938, he delivered an additional one hundred shares of this stock with a written order to sell at $21 and "hold proceeds until called for by myself."

■

The orders to sell were executed on January 3d, 1939, and the net proceeds of the sale were $4,161.81, which after deducting the loan and interest left a balance of $3,362.25. A treasurer's check for that amount, dated January 5th, 1939, was issued and was held by the bank along with the other papers relating to the transaction until complainant should call for it. He was in Florida and returned to this state in early February. Four days after his return and before he called at the bank, the Commissioner of Banking and Insurance took charge of the defendant for liquidation. The check was then mailed to complainant and his demand for payment was refused.

The court below held that a trust had been established and further that the Bank Collection code (*R. S.* 7:6-1 *et seq.*) applied to the situation because there was an "item" entrusted to the bank for collection.

The appellant bank urges that, under the rule of *Acuntius* v. *Steneck Trust Co.*, *111 N. J. Eq. 81; Prudden & Co., Inc.,* v. *First National Bank of Secaucus, 115 N. J. Eq. 365; Jacobson* v. *Slaughter, 117 N. J. Eq. 252,* and other similar cases, there was no trust established because the particular fund cannot be traced and identified. It appears that the bank deposited the check from the broker who sold the stock in its fund kept with the Federal Reserve Bank of New York and drew its treasurer's check on that fund for the balance to be paid the complainant.

However, we are of the opinion that the controlling principle is that laid down in this court in *Maurello* v. *Broadway Bank and Trust Co., 114 N. J. Law 167,* and *Deal* v. *Asbury Park and Ocean Grove Bank, 118 N. J. Eq. 297.* In the *Maurello Case* Chancellor Campbell said: "On the other hand a special or a trust deposit is where money or property is deposited to be kept intact and not commingled with other funds or property of the bank and to be returned in kind to the depositor or is devoted and dedicated to a particular purpose or requirement of the depositor or to the payment of particular debts or obligations of the depositor; that is, earmarked or dedicated to some particular purpose. Where this appears the relationship between the depositor

and the bank is that of bailor and bailee." In that case it was held that on the facts a trust had not been established, but in the *Deal Case* the principle was applied and a trust was upheld. These cases control here. The complainant instructed the bank not to deposit the proceeds of the sale in his account at the bank but to hold them until called for by him. They were dedicated to a particular purpose and the officers of the bank so understood and attempted to follow instructions. In a situation like this the essential thing is not so much a matter of segregation of the actual cash received as it is a matter of earmarking and identification. This was sufficiently accomplished by the way in which the bank acted, namely issuing the treasurer's check instead of crediting the depositor's account. With respect to this particular property, the stock and later the balance of the proceeds of sale, there never was a relationship of bank and depositor, that is creditor and debtor, but a relationship of bailor and bailee. The instructions were explicit and are not denied. We think there was a trust established and the decree should be affirmed on this ground.

Having reached this conclusion, we deem it unnecessary to consider the other ground relied upon in the court below and are not to be understood as expressing any opinion on the applicability of *R. S. 7:6-1 et seq.* to a factual situation such as the one presented here.

The decree is affirmed.

*For affirmance*—TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.